UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES McKINNON | : 2003 OCT 23 A 9:06 |
| | : PRISONER CASE NO. |
| v. | : 3:03-cv-17(JCH) |
| | : |
| JOHN LAHDA, et al. | : OCTOBER 22, 2003 |

## RULING AND ORDER

The plaintiff, James McKinnon ("McKinnon"), seeks reconsideration of the August 22, 2003 ruling dismissing this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

The standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

In his motion, McKinnon states that his allegations support his claims and attaches copies of various grievances in an attempt to show that he exhausted his administrative remedies with regard to each claim.

McKinnon asserted one claim in the complaint: that he continued to be held in administrative detention from the conclusion of his disciplinary hearing on September 6, 2002, until September 10, 2002. The court dismissed the complaint without prejudice because this claim, even if proven, did not rise to the level of a constitutional violation. The court did not dismiss the claim because McKinnon failed to exhaust administrative remedies. In addition, the court addressed references to a disciplinary hearing on a charge of sexual misconduct and verbal harassment. The court dismissed any possible claim relating to the disciplinary charge because McKinnon was pursuing this claim in another case. The court also dismissed any claim of verbal harassment because such claims are not cognizable under section 1983. McKinnon has failed to identify any manifest errors of law or fact or present any newly discovered evidence. Thus, the relief he requests is denied.

McKinnon's motion for reconsideration [**Dkt. No. 15**] is **GRANTED**. After careful consideration, however, the relief requested is **DENIED**.

**SO ORDERED.**

Dated this 22nd day of October, 2003, at Bridgeport, Connecticut.

Janet C. Hall
United States District Judge

2