FILED

# United States District Court

## District of Connecticut

2003 NOV 26 P 3:56

James McKinnon  
100770  
Plaintiff

Case No. 3:03cv17(JCH)

V.

November, 21, 2003

John LaHDa, ETaL  
DiLworth  
Carlos Burgos

Defendants, Individual Capacity

Plaintiff motion To respond To court Ordered Dated, October 22, 2003 also To Ameded Compliant Plainiff aTTached motion To amend complaint To add Federal Rule 28. C.F.R. § 35.190 an ADA claim, also To Amendment The Short & Concise statement of material Facts Federal Rule 15(a)(b).

1. Plaintiff James McKinnon prose Request Respectfully for permission To File This short Amended Complaint in This case, For Exhibits of material Fact Submitted.  by × /s/ James McKin——

James McKinnon prose  
900 Highland Avenue  
Cheshire CT 06410

2. plaintiff is a disabled prisoner and have greater rights under the Americans with Disabilites Act of 1990 (ADA) please see, 42 U.S.C. § 12101 et seq

3. which provides that as of january 1992 no qualified individual with a disability shall by reason of such disability be excluded from participation in or be deniend the benefits of the services programs, or be denied the activities of a public entity; please see, 42, U.S.C. § 12132.

4. previously this ban on discrimination against the disabled applied only to federally funded agencies under Section 504 of the Rehabilitation Act of 1973, please see, that statute provides, no otherwise qualified individual shall solely by reason of his handicap, be excluded from the participation in, be denied the benefits of or be subjected to discrimination under any reason program or activity receiving federal financial assistance or under any program or actity conducted by any Executive agency 29 U.S.C. § 794 Congress has made it clear that any govermental department or agency receiving fedral money is subjeted to the Rehabilitation Act in all it's operations even if the particular programs dispute does not receive such funds, please see, Schroeder v. city of chicago, 927 F.2d 957, 962 (7th Cir 1991).

By James McKinnon
James McKinnon prose
400 Highland Avenue
cheshire ct 06410

5. The ADA extends plaintiff to all "public entities" whether or not they get Federal money. There is little case law under the ADA because it so new, but Rehabilitation Act case will probably be used as guides to interpretation of the ADA on many issues. If your case arose before the ADA went into effect you will have to rely on the Rehabilitation Act, a public entity is defined in the ADA as including any state or local government or, any department agency special purpose district or, other instrumentality of a state or states or local government, please see, 42 U.S.C. § 12131(1)(A,B) emphasis supplied

6. This definition clearly includes correction departments and other agencies that operate prisons and jails. please, see Clarkson v. Coughlin 145 F.R.D. 339, 348 S.D.N.Y. 1993 (permitting prisoners to amend complaint to add an ADA claim). Also the federal regulations issued under the ADA acknowledge this point by identifying the department of justice as the agency that is to implement compliance procedure concerning state and local correctional facilities 28, C.F.R. § 35,190. Also there is no dispute that the Rehabilitation Act applies to prisons. please see, Harris v. Thigpen 941. F.2d 1495, 1521-22 (11th Cir. 1991) Bonner v. Lewis 857 F.2d at 561-64 Casey v. Lewis, 773 F. Supp. at 1370-72.

By x James McKinnon
James McKinnon prose
900 Highland Avenue
Cheshire ct 06410

7. This definition is comparable to the definition of "handicap" under the Rehabilitation Act. please see, 29 U.S.C. § 706(7)(B).

8. So Rehabilitation Act case law on the point will be very relevant in ADA case, under the Rehabilitation Act people with infectious diseases are considerd handicapped, plaintiff has inflamation of the liver a virus diseas name Hepatitis "C" please see, School Bd. of Nassau County v. Arline 480 U.S. 273, 282-86, 107 S. CT. 1123 (1987).

9. This category includes inmates infected with HIV the AIDS virus). please see, Harris v. Thigpen, 941 F.2d at 1522-24 Casey v. Lewis 773 F. Supp at 1370-72 plaintiff is infected with virus.

10. Congeress inteded the ADA to cover such persons as well. please see, S. Rep. no. 116, 101 st Cong. 2d Sess, pt, 3, 28 (1990) in Borgdorf, The Americans with Disabilites Act. Analysis and Implications of a Second Generation Civil Rights Statute, 26 Harvard Civil Rights Civil Liberties Law Review 413, 447 n. 175 (1991).

By James McKinnon
James McKinnon prose
400 Highland Avenue
Cheshire CT 06410

16. under the Rehabilitation Act the courts disagreed with damges were available. Compare Smith V. Barton 914, F.2d at 1337-38 (holding damges are availeble, with Eastmam V. Virginia polyTechnic InstiTute, 939 F.2d 204-207-09 (4Th Cir. 1991 (holding damges unavailable.). However the Supreme Court has recently held that there is a presumption that if a federal STaTute create a private case of acTion damges are available. please see Franklin V. GwinneTT CounTy public Schools, 503 U.S. 112 S. CT 1028, 1034-35 (1992). we believe that This holding should opply to the ADA. In addition The federal regulations, in providing that states are not entited to immunity from suit for ADA violations in providing that states are not enti-Tled to immunity from suit for ADA violations, refers to remedies both at law and in equity 28 C.F.R. § 35-178.

By /s/ James McKinnon
James McKinnon proso
400 Highland Avenue
Cheshire CT 06410

## Certification

James McKinnon
  100770
  Plaintiff

V∞

Thomas Hunt, Etal

John LaHDa
Defendants  Individual Capacity

Plaintiff above certifices Through this attachment on this 21th day of november 2003 This claim To be True and To the best of my obility affirmed.

Deputy clerk miss, mary E, Laren
United States District Court
915, Lafayette Boulevard
Bridgeport Connecticut
         06604

By x James Lee McKin
  James Lee McKinnon
  900 Highland Avenue
  Cheshire CT 06410