UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:03-cv-17(JCH) |
| | : | |
| JOHN LAHDA, et al. | : | DECEMBER 8, 2003 |

**RULING [DKT. NOS. 17 AND 18]**

The plaintiff, James McKinnon ("McKinnon"), has filed two motions in response to the court's October 23, 2003 ruling granting his motion for reconsideration but denying the requested relief. [Dkt. No. 16]. The court considers these documents as motions for reconsideration. For the reasons that follow, both motions are denied.

As the court indicated in its previous ruling, the standard for granting a motion for reconsideration is strict. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. The function of a motion for reconsideration thus is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

In the October 23, 2003 Ruling the court reaffirmed its determination that McKinnon's claim regarding time held in administrative segregation did not rise to the level of a constitutional violation, that his claim of sexual harassment was not cognizable under 42 U.S.C. § 1983, and that his claim regarding a disciplinary hearing on a charge of sexual misconduct and verbal harassment was properly dismissed because McKinnon was pursuing that claim in another case.

In his first motion, McKinnon asks the court to review attached exhibits supporting his allegations. Some of the exhibits relate to the exhaustion of administrative remedies with regard to the claims asserted in this case. The court previously informed McKinnon that the case was not dismissed for failure to exhaust administrative remedies. See Dkt. No. 16, at 2. Thus, these exhibits do not alter the court's ruling. The court concludes that there is no basis upon which the court could determine that the previous decision was based on a manifest error of law and McKinnon has not presented any relevant newly discovered evidence.

Other exhibits relate to McKinnon's mail. Because there is no issue in this case regarding mail, these exhibits do not relate to any decision issued in this case. Further, this case was closed on August 27, 2003. The court will not permit McKinnon to amend the complaint to add new claims at this time. If he wishes to pursue a claim regarding his mail, McKinnon should file a new action.

In the second motion, McKinnon seeks leave to file an amended complaint adding a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. As stated above, this case is closed. Thus, any request to add new claim is inappropriate. McKinnon may file another action to assert his ADA claims.

McKinnon's motions [DKT. Nos. 17 & 18] are **DENIED**.

**SO ORDERED.**

Dated this 8th day of December, 2003, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge