UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES McKINNON | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:03-cv-17 (JCH) |
| | : | |
| JOHN LAHDA, ET AL | : | OCTOBER 5, 2004 |

**RULING RE:**
**MOTIONS TO REOPEN JUDGMENT [Dkt. Nos. 20 & 21]**

The plaintiff, James McKinnon ("McKinnon"), has filed two motions asking the court to reopen the judgment in this case. The motions are identical. However, McKinnon has attached a proposed amended complaint to the second motion. For the reasons that follow, the motions are denied.

**I.     BACKGROUND**

On August 22, 2003, the court filed its ruling dismissing this case without prejudice and affording McKinnon thirty days to replead if "'the claims therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law.'" [Dkt. No. 13 at 13.] Judgment entered on August 27, 2003.

On September 9, 2003, McKinnon filed a motion seeking reconsideration of the dismissal. [Dkt. No. 15.] The court granted the motion but denied the requested relief after careful consideration of his arguments. [Dkt. No. 16, filed October 23, 2003]. On November 21 and 26, 2003, McKinnon filed a motion for reconsideration of the denial of his motion for reconsideration and a motion seeking leave to file an amended complaint. [Dkt. Nos. 17 & 18.] The court denied the second motion for

reconsideration and denied leave to amend because McKinnon sought to add claims not included in the original complaint. [Dkt. No. 19, filed December 10, 2003].

The pending motions to reopen were filed on June 22, 2004, and September 9, 2004.

## II.     DISCUSSION

Rule 60(b), Fed. R. Civ. P., identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

McKinnon fails to identify the subsection upon which he relies.

In his motions, McKinnon states that the court failed to afford him an opportunity to amend his complaint before dismissing the case. In the ruling, however, the court specifically afforded McKinnon thirty days to replead. Instead of filing an amended complaint, McKinnon sought reconsideration of the dismissal. In November 2003, he sought leave to amend, but the motion was denied because the proposed amended complaint did not address the deficiencies identified by the court. Instead, it sought to add a claim pursuant to the Americans with Disabilities Act. Thus, the court did afford McKinnon an opportunity to amend his complaint and considered his proposed amended complaint even though it was not filed within the time permitted. McKinnon's

argument is without merit and does not warrant reopening this judgment under any subsection of Rule 60(b).

Because McKinnon is proceeding pro se, the court considers the proposed amended complaint attached to his second motion. McKinnon includes only the claim that he was held in restrictive housing for five days longer than appropriate. In addition to the allegations in the original complaint, McKinnon states that the restrictive housing unit in which he was confined also served as the Intensive Mental Health Unit. During that period he was "frightened for his life" because he witnessed three inmates being placed in four-point restraints and feared that he also would be restrained. He seeks damages for his emotional distress.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). McKinnon seeks damages for emotional distress he suffered when he saw other inmates being placed in four-point restraints. He does not allege, in the original complaint or the proposed amended complaint, any facts from which the court could infer that he suffered any physical injury. Thus, his claims for emotional distress are not cognizable in this action. The remaining allegations were included in the original complaint and considered by the court in its August 22, 2003 ruling. For the reasons stated in that ruling, McKinnon fails to state a cognizable claim. Accordingly, the court will not reopen this case to permit the filing of the proposed amended complaint.

### III.   CONCLUSION

McKinnon's motions to reopen judgment [**Dkt. Nos. 20 & 21**] are **DENIED**.

**SO ORDERED.**

Dated this 5th day of October, 2004, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge